

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2007

# USA v. Shepherd

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4601

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Shepherd" (2007). *2007 Decisions.* Paper 1498.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1498

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4601
_____

UNITED STATES OF AMERICA

v.

LEROY SHEPHERD,

　　　　　　　　　　　　Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 02-246)
Chief District Judge: Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2007

Before: SLOVITER and AMBRO, <u>Circuit Judges</u>
POLLAK,[*] <u>District Judge</u>

(Filed:  March 12, 2007)

_____

OPINION

_____

_____

[*]Honorable Louis H. Pollak, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

I.

Leroy Shepherd was found guilty by a jury on one count of conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846. Shepherd was first sentenced, in October 2004, to 210 months in prison under the then-mandatory Federal Sentencing Guidelines, and he appealed. After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we remanded Shepherd's sentence to the District Court for reconsideration in light of that case. On resentencing, the District Court again sentenced Shepherd to a 210-month term, and he again appeals—this time contesting the reasonableness of his sentence.[1]

II.

Shepherd makes two arguments as to why his sentence is unreasonable. First, he claims that the District Court's conclusion that between 50 and 100 kilograms of cocaine were properly attributable to him is not supported with evidence bearing "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3.[2] Second, he asserts that the District Court, when determining his sentence, did not adequately consider

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). *United States v. Grier*, 475 F.3d 556, 561 (3d Cir. 2007) (*en banc*).

[2]In finding the facts underlying the calculation of the Guidelines base offense level, a district court must use the preponderance-of-the-evidence standard. *Grier*, 475 F.3d at 561–66. We review those findings for clear error. *Id.* at 568–70.

the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Cooper*, 437 F.3d 324, 329–32 (3d Cir. 2006). We reject both arguments, setting out only those facts necessary to our decision.

A.

"Given the dramatic effect . . . estimates [of drug weight] have on the defendant's sentence, the sentencing court must carefully review the [G]overnment's submissions to ensure that its estimates are proven by a preponderance of the evidence." *United States v. Collado*, 975 F.2d 985, 998 (3d Cir. 1992). And though "[w]e recognize that in calculating the amounts involved in drug transactions, some degree of estimation must be permitted," such calculations may not be "based on mere speculation." *Id.* "[T]his standard should be applied rigorously." *United States v. Miele*, 989 F.2d 659, 664 (3d Cir. 1993). This remains true even though the Guidelines are now only advisory, as they are still "the 'strong force' that defines the starting point for all that follows[,] . . . necessarily [affecting]—and often defin[ing]—the ending point." *Grier*, 475 F.3d at 608 (McKee, J., dissenting).

In this case, however, the District Court's finding that Shepherd was responsible for 50–100 kilograms of cocaine was based on testimony and information received from no fewer than twelve people who were intimately involved in this cocaine distribution conspiracy, were customers of Shepherd, or had observed various aspects of the

operation.[3]  It is true, as Shepherd argues, that one of these persons—Roy Mercer, the conspiracy's kingpin—may be of questionable credibility, given that his testimony vacillated on how much cocaine Shepherd handled.  The District Court, however, did not adopt Mercer's highest estimations, which ranged from 100 to 150 kilograms.  Moreover—and unlike the facts in *Miele*, cited by Shepherd for support—Mercer was not the only source relied on in calculating the relevant amount of cocaine.  *See* 989 F.2d at 665.  Given the number of witnesses who testified about multiple trips to Shepherd's supplier (each involving 10–17 kilograms) or about the kilogram-size cocaine supply seen when buying cocaine from him, as well as the amount of restitution ordered by the jury ($1.28 million)—which can only correspond to a substantial quantity of drugs—we have little trouble concluding that the District Court's finding is not clearly erroneous.

B.

Our reasonableness review pursuant to *Booker* requires that the record "demonstrate [that] the trial court gave meaningful consideration to the § 3553(a) factors."[4]  *Cooper*, 437 F.3d at 329; *see also United States v. Jackson*, 467 F.3d 834,

---

[3]Because the District Court did not specifically comment on which evidence led to its findings on this issue, but did adopt the Presentence Investigation Report and sentenced accordingly, we examine the analysis of the evidence set forth therein.  *See Miele*, 989 F.2d at 663.

[4]The factors set out in 18 U.S.C. § 3553(a) are:
    (1) the nature and circumstances of the offense and the history and
    characteristics of the defendant;
    (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for

4

840–42 (3d Cir. 2006).  Shepherd contends that the District Court here failed to do so.  This argument, however, is unpersuasive.  Contrary to Shepherd's protestations, the District Court—on four pages of record transcript—painstakingly went through the § 3553(a) factors, commenting on each and how it informed the Court's decision.  In addition, though the Court imposed a within-Guideline sentence, nothing in the record indicates that it treated the Guidelines as mandatory or accorded them undue weight.  *See United States v. Gunter*, 462 F.3d 237, 248–49 (ruling it error so to proceed).  Given the record here, we do not believe that Shepherd's 210-month sentence is unreasonable.

\* \* \* \* \*

For the reasons set forth above, we affirm the sentence imposed by the District Court.

---

the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced[;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

5